# EXHIBIT D

CAUSE NO. DC-25-01992

| | | |
|---|---|---|
| PROJECT LONESTAR, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | 160th JUDICIAL DISTRICT |
| | § | |
| AMERICAN DAIRY QUEEN CORPORATION, | § | |
| | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered the verified request for a temporary restraining order contained in *Plaintiff's Verified Petition and Application for Temporary Restraining Order*, filed by Project Lonestar, Inc. ("**Plaintiff**") against American Dairy Queen Corporation ("**Defendant**").

The Court finds, based upon Plaintiff's verified facts, testimony, and argument of counsel, that Defendant should be and is, immediately restrained from the following:* 

 a. interfering in any way with the ability of any vendors or suppliers from providing food, beverage, and other restaurant supplies to the Dairy Queen locations operated by Plaintiff;

 b. terminating any of Plaintiff's franchise agreements;

 c. taking any action to close and/or halt operation of the Dairy Queen locations operated by Plaintiff;

 d. taking any action to interfere with Plaintiff's ability to operate the Dairy Queen locations operated by Plaintiff;

 e. disclosing any details pertaining to any agreements entered into between Plaintiff and Defendant; and

 f. taking any action to sell or effectuate the sale of the franchise rights currently owned by the Plaintiff.

The Court further finds that a temporary restraining order is the most efficient and practical remedy at this time and that Plaintiff has shown a probable right to prevail on the final trial of this

*The relief granted herein is limited to the thirteen (13) Dairy Queen locations operated by Plaintiff that were not among the twenty-five (25) locations terminated by Defendant as set out in paragraph 25 of the Affidavit of Michael Hublich

TEMPORARY RESTRAINING ORDER   1

case. The Court also finds that the intended, imminent and threatened actions of Defendant disturbs and alter the status quo and a temporary restraining order most efficiently and effectively restores and preserves the status quo. The Court further finds that the temporary restraining order would not be as efficient or effective unless it extends to Defendant and its respective agents, servants, employees, subsidiaries, affiliates, trustees, substitute trustees, any person acting on its behalf, and any person in active concert with them respectively with notice of this relief.

**IT IS THEREFORE ORDERED** that American Dairy Queen Corporation, and its respective agents, servants, employees, subsidiaries, affiliates, trustees, substitute trustees, any person acting on its behalf, and any person in active concert with it respectively with notice of this relief be and hereby are commanded forthwith and immediately to desist and to refrain from the following:*

  a. interfering in any way with the ability of any vendors or suppliers from providing food, beverage, and other restaurant supplies to the Dairy Queen locations operated by Plaintiff;
  b. terminating any of Plaintiff's franchise agreements;
  c. taking any action to close and/or halt operation of the Dairy Queen locations operated by Plaintiff;
  d. taking any action to interfere with Plaintiff's ability to operate the Dairy Queen locations operated by Plaintiff;
  e. disclosing any details pertaining to any agreements entered into between Plaintiff and Defendant; and
  f. taking any action to sell or effectuate the sale of the franchise rights currently owned by the Plaintiff to any third party;

from the date of the signing of this temporary restraining order until and to the fourteenth day after the signing of this temporary restraining order.

**IT IS FURTHER ORDERED** that there is to be a hearing on Plaintiffs' request for a temporary injunction on the 21st day of February, 2025, at 11:00 o'clock a.m. in the Courtroom of the 160th Judicial District Court, Dallas County, Texas and that all Defendants appear at that time then and there to show cause, if any there be, why a temporary injunction should not be issued as requested by Plaintiff.

The Clerk of the Court is directed to issue a show cause notice to Defendant to appear at

*The relief granted in this Order is limited to the thirteen (13) Dairy Queen locations operated by Plaintiff that were not included among the twenty-five (25) locations terminated by Defendant as set out in paragraph 25 of the Affidavit of Michael Nakleh in Support of Plaintiff's Verified Petition +

TEMPORARY RESTRAINING ORDER    2

the temporary injunction hearing.

The Clerk of the Court shall also forthwith and immediately, upon the filing by Plaintiff of a bond, or of cash in lieu of a bond, in the amount of $250.00 and upon approving same according to law, issue a temporary restraining order in conformity with the law and with the terms of this order.

This temporary restraining order shall be not effective unless and until Plaintiff executes and files or deposits a bond or cash in lieu of a bond in conformity with the law in the above amount.

SIGNED THIS 7th DAY OF February, 2025 AT _____ O'CLOCK ___. M.

*Tiesha Redmond*

Judge Presiding